

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-18-2008

# Ryncavage v. Amer Family Life Ins

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4013

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Ryncavage v. Amer Family Life Ins" (2008). *2008 Decisions.* Paper 516.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/516

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4013
_____

JOSEPH RYNCAVAGE,

Appellant

v.

AMERICAN FAMILY LIFE INSURANCE
COMPANY OF COLUMBUS, INC.;
AMERICAN FAMILY LIFE INSURANCE
COMPANY OF NEW YORK, INC.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 06-cv-01711)
Magistrate Judge:  The Honorable Malachy E. Mannion

_____

Submitted Under Third Circuit LAR 34.1(a)
September 9, 2008

Before: SLOVITER, FUENTES, and NYGAARD, Circuit Judges.

(Filed:  September 18, 2008)

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

In Pennsylvania, a breach of contract claim has a statute of limitations of four years. 42 Pa. Cons.Stat. Ann. § 5525(a)(8). The District Court dismissed Appellant Joseph Ryncavage's complaint pursuant to Fed.R.Civ.P. 12(b)(6) because it was filed after the applicable statute of limitations had run on his breach of contract claims.

Ryncavage is an independent contractor who sold insurance for the Appellee company. The issue in his action is over commissions Ryncavage contends he was to receive. Ryncavage's amended complaint indicates that he "was notified via a letter on July 30, 2002 . . . confirming that his new business commissions and renewals would cease effective August 29, 2002." The record also reflects that the Appellee specifically notified Ryncavage that "effective August 29, 2002, you will not [sic] longer receive commissions on new business." Ryncavage sued the Appellee for breach of contract, but filed his original complaint on August 31, 2006.

Ryncavage argues that the District Court erred by not extending the statute of limitations past August 29, 2006, because his new commission payments were not anticipated until some later, uncertain date. He also argues that the Appellee's letter of July 30, 2002, could be treated as an anticipatory repudiation and that he was entitled to await Appellee's failure to perform before filing suit.

We have reviewed the briefs filed by the parties and conclude that, essentially for the reasons set forth by the District Court, its judgment will be affirmed.